# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

UNITED STATES OF AMERICA    )
                        )
v.                            )          NO. CR-2-00-08
                        )
MICHAEL MCCRAW          )

## O R D E R

This supervised release revocation matter came before the Court on September 26, 2005, for a hearing, at which time it was stipulated by the defendant that he had violated the conditions of his supervised release as set forth as violations 1 and 2 in the the Petition for Warrant for Offender. It was undisputed that the defendant's violation guideline range is now three (3) months to nine (9) months; however, the defendant is subject to a maximum sentence of twenty-four months (24) months under Title 18 §3583(e)(3) of the United States Code.

Based upon the defendant's stipulation, the Court **FINDS** that the defendant has violated the conditions of his supervised release as set forth in the Petition for Warrant for Offender In determining his sentence, it is significant that this defendant's supervised release has previously been revoked and the conditions of his

supervised release have twice been modified by this Court. On March 22, 2004, the defendant appeared for a revocation hearing. Rather than incarcerating the defendant at that time, the Court permitted him to admit himself to the inpatient drug abuse treatment program at the Veteran's administration. On June 21, 2004, the Court revoked the defendant's supervised release after he tested positive for marijuana, and sentenced him to nine months imprisonment, followed by two years of supervised release. Then, on April 11, 2005, following another positive drug screen for marijuana, the Court modified his supervised release to require him to serve four consecutive weekends in detention. Nevertheless, the defendant was arrested, and entered a plea of guilty in August 2005 to driving while intoxicated.

The Court has carefully considered the policy statements of Chapter 7 of the United States Sentencing Commission Guidelines which reflect a revocation range of three to nine months. Because the policy statements of Chapter 7 of the *U.S.S.C.G.* are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *U.S. v. West,* 59 F.3d 32 (6th Cir. 1995). Based upon the fact that the defendant has repeatedly violated the terms of his supervised release, despite the numerous chances given him by this Court, evidencing that he is apparently not a good candidate for rehabilitation, the Court does not find that in the interest of society, or in the interest of rehabilitating this defendant, a sentence within this suggested range is appropriate.

Accordingly, the Court **FINDS** that the defendant has violated the terms of his supervised release, and the Court will impose a sentence authorized by Title 18 §3583(e)(3). Therefore, it is hereby **ORDERED** that the defendant is sentenced to serve a term of fourteen (14) months of incarceration with no further term of supervised release. The defendant is **REMANDED** to the custody of the United States Marshal.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE